UNITED STATES DISTRICT COURT
NORMERN DISTRICT OF OHIO
------------------------------------------------------
:
BRET LEWIS, *et al.*, :
: CASE NO. 4:10-MC-00061
Plaintiffs, :
:
vs. :
: OPINION & ORDER
UNITED JOINT VENTURE :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Plaintiffs file this action seeking to garnish the property of the Defendant, United Joint Venture. The Plaintiffs file certificate of final judgment entered by the Western District of Michigan on August 7, 2009 in *Bret A. Lewis, et. al. v. United Joint Venture*, 1:07-CV-639 (W.D. Mich.). In that judgment, Plaintiff Bret Lewis was awarded $30,000 in actual damages and $120,000 in punitive damages, Plaintiff Rebecca Lewis was awarded $25,000 in actual damages and $100,000 in punitive damages, Plaintiff J. Bruce Jennings was awarded $25,000 in actual damages and $100,000 in punitive damages, and Plaintiff Howard D. Ross was awarded $25,000 in actual damages and $100,000 in punitive damages. [Doc. 1.] The judgment also awarded Defendant United Joint Venture $256,797.29 in damages against Bret and Rebecca Lewis, $255,367.29 in damages against J. Bruce Jennings, and $306,726.14 in damages against Howard D. Ross. [*Id.*] Additionally, the judgement awarded the Plaintiffs attorney's fees and costs in the total amount of $238,698.55. [*Id.*]

-1-

Case No. 4:10-MC-00061
Gwin, J.

The Defendant, United Joint Venture, says that the Plaintiffs Bret and Rebecca Lewis are not entitled to collect the outstanding attorney's fees and costs awarded in that judgment because if all of the awards for and against United Joint Venture are netted, the Plaintiffs as a group are still a debtor to United Joint Venture. [Doc. 21; Doc. 25; Doc. 31.] The Plaintiffs Bret and Rebecca Lewis argue that these awards were individual and that they are entitled to collect the award of attorney's fees and costs. [Doc. 33, 41.]

After a hearing on the merits, the Court finds that Plaintiffs Bret and Rebecca Lewis are entitled to collect the award of attorney's fees and costs. The plain language of the underlying judgment indicates that the judgments entered against the Plaintiffs are individual in nature and that the award of attorney's fees is collectible by any of the Plaintiffs. Thus, the Defendant is not entitled to credit the outstanding judgments against Howard D. Ross and J. Bruce Jennings against Bret and Rebecca Lewis's right to collect the award of costs and attorney's fees.

Accordingly, the Court **GRANTS** the Plaintiffs' motions seeking an order of garnishment of the Defendant's property (docket entries 2, 3, 4, 5, 6, and 12). Similarly, the Court **GRANTS** the Plaintiffs' motion requesting a writ of execution against the property of United Joint Venture (docket entry 40). The Court finds that the Plaintiffs have not yet made sufficient evidentiary findings to justify an order of garnishment against the Cadle Company as a general partner of the Defendant United Joint Venture (docket entry 13). That motion is **DENIED** without prejudice to be refiled upon a showing that United Joint Venture possesses insufficient property or funds to satisfy the judgment.

The Court **DENIES** the Defendant's motions to quash the subpoenas served upon United Joint Venture and the Cadle Company (docket entries 23 & 24). The Court finds that this material

-2-

Case No. 4:10-MC-00061
Gwin, J.

is discoverable under Federal Rule of Civil Procedure 26 since it is relevant to the ability of United Joint Venture and the Cadle Company to satisfy the judgment and **ORDERS** that the requested materials be produced by **November 18, 2010**. During the hearing, the Defendants voluntarily terminated their motion to garnish (docket entry 34); accordingly, that motion is hereby terminated.

    IT IS SO ORDERED.


Dated: November 1, 2010             s/ *James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRsICT JUDGE