UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

BRET LEWIS, *et al.*,

        Plaintiffs,

vs.

UNITED JOINT VENTURE

        Defendant.

------------------------------------------------------

CASE NO. 4:10-MC-00061

OPINION & ORDER
[Resolving Doc. No. 51]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 2, 2010, the Defendant, United Joint Venture, filed motion requesting this Court stay the execution of judgment during the pendency of appeal under Federal Rule of Civil Procedure 62(d).[1] [Doc. 51.] The Sixth Circuit has explained that this Rule "entitles a party who files a satisfactory superdeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Thus, the Defendant is entitled to a stay if the Court finds that an adequate bond will be posted.

The amount of the bond is entrusted to the discretion of the trial court. *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002). The bond requirement is intended to protect the interest of the creditor's right under judgment during the pendency of the appeal. *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986). The Defendant proposes a bond in the amount of $238,698.55, plus accrued interest. [Doc. 51.] The total amount of judgment awarded to the Plaintiff is $238,698.55. [Doc. 48.]

---

[1] "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed.R.Civ.P. 62(d).

Case No. 4:10-MC-00061
Gwin, J.

Under 28 U.S.C. § 1961(a), interest is allowed on the judgment "at a rate equal to the weekly average l-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This interest may be collected until the date of payment. 28 U.S.C. § 1961(b). This interest accrues during the pendency of the appeal. *Lewis v. Whelan*, 99 F.3d 542 (2d Cir. 1996); *Brooks v. United States*, 757 F.2d 734, 742 (5th Cir. 1985). As shown by the Federal Reserve Statistical Release, the interest for the period between "July 31,2009 and August 7, 2009," is .49%.

Thus, the Court **GRANTS** the Defendant's motion to stay, conditioned upon the Defendant posting the following bond within ten days. The amount of judgment is $238,698.55 and approximately $1,388.59 is currently owed in interest. [Doc. 40.] Additionally, as the Plaintiffs will be entitled to interest during the pendency of this appeal, the Court also finds that this bond must include a sum sufficient to cover interest payments that will accrue during the appeal. Although the exact time for appeal varies, the Court notes that an average appeal to the Sixth Circuit lasts about 14.7 months.[2/] A total bond of $242,000.00 will safely cover the current judgment amount, accrued interest, and the total interest that will accrue during the appeal.

IT IS SO ORDERED.

Dated: November 3, 2010　　　　　　　　　　s/　　　*James S. Gwin*　　　
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRsICT JUDGE

---

[2/] Federal Court Management Statistics 2009, Courts of Appeals – Sixth Circuit, available at http://www.uscourts.gov/cgi-bin/cmsa2009.pl (Sixth Circuit in drop-down menu then continue to Show Page Two).