UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                          :
BRET LEWIS, *et al.*                      :
                                          :   CASE NO. 4:10-MC-00061
           Plaintiffs,                    :
                                          :
vs.                                       :   OPINION & ORDER
                                          :   [Resolving Doc. No. 57]
UNITED JOINT VENTURE                      :
                                          :
           Defendant.                     :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action to garnish the Defendant's property, Plaintiffs seek a protective order preventing the Defendant from deposing Bret Lewis, Rebecca Lewis, Howard Ross, and J. Bruce Jennings. [Doc. 57-1.] The motion is opposed by Defendant United Joint Venture. [Doc. 58.]

**I. Background**

Plaintiffs Bret and Rebecca Lewis filed this action to garnish the property of Defendant United Joint Venture. On September 13, 2010, the Plaintiffs filed a certificate of final judgment entered by the Western District of Michigan in *Bret A. Lewis, et al. v. United Joint Venture*, 1: 07-CV-639 (W.D. Mich.). In that judgment, Plaintiff Bret Lewis was awarded $30,000 in actual damages and $120,000 in punitive damages; Plaintiff Rebecca Lewis was awarded $25,000 in actual damages and $100,000 in punitive damages; Plaintiff J. Bruce Jennings was awarded $25,000 in actual damages and $100,000 in punitive damages; and Plaintiff Howard D. Ross was awarded

Case No. 4:10-MC-00061
Gwin, J.

$25,000 in actual damages and $100,000 in punitive damages. [Doc. 1.] The judgment also awarded Defendant United Joint Venture $256,797.29 in damages against Bret and Rebecca Lewis; $255,367.29 in damages against J. Bruce Jennings; and $306,726.14 against Howard D. Ross. [*Id.*] Finally, the judgement awarded the Plaintiffs attorney's fees and costs in the total amount of $238,698.55. [*Id.*] Not including the award of attorney's fees, a computation of these amounts shows that United Joint Venture is a debtor of the Lewises in the amount of $18, 202.71; Howard D. Ross is a debtor of United Joint Venture in the amount of $181,726.14; and J. Bruce Jennings is a debtor of United Joint Venture in the amount of $130,367.29. On November 1, 2010, the Court ruled that the proper reading of the Michigan judgment allowed any of the Plaintiffs to collect the full amount of the award of attorney's fees and costs and did not allow United Joint Venture to net all of the awards together. [Doc. 48.] Thus, the Court found that United Joint Venture could not credit the outstanding judgments against J. Bruce Jennings and Howard D. Ross against the Lewises right to collect the entire $238,698.55 in attorney's fees. [*Id.*] United Joint Venture has appealed this ruling and, on November 3, 2010, the Court stayed the enforcement of the judgment. [Doc. 56.]

On November 8, 2010, United Joint Venture issued notice of deposition duces tecum for creditors Bret and Rebecca Lewis and for debtors J. Bruce Jennings and Howard D. Ross. [Doc. 57-2.] Pursuant to these notices, the Defendant seeks to depose Bret Lewis, Rebecca Lewis, J. Bruce Jennings, and Howard D. Ross, and also seeks extensive financial and business records from each. [*Id.*] The Plaintiffs now seek a protective order forbidding the Defendant from deposing Bret Lewis, Rebecca Lewis, Howard Ross, and J. Bruce Jennings, and from otherwise demanding paper discovery from any of them. [Doc. 57-1.] As to Bret and Rebecca Lewis, the Plaintiffs say that the Lewises are creditors of United Joint Venture and that discovery of the Lewises is not permitted

-2-

Case No. 4:10-MC-00061
Gwin, J.

under Federal Rule of Civil Procedure 69(a)(2). [*Id.*] As to J. Bruce Jennings and Howard D. Ross, the Plaintiffs say that the Court lacks personal jurisdiction over both individuals since neither is a party to this action, and that therefore, the Court lacks the authority to order them to be deposed or to produce documents pursuant to a subpoena. [*Id.*]

The Defendant argues that its depositions duces tecum are permissible as to Bret and Rebecca Lewis since the Defendant is a creditor to some of the Plaintiffs. [Doc. 58.] As to J. Bruce Jennings and Howard D. Ross, the Defendant says that the Court has personal jurisdiction over both since the underlying judgment was registered in this Court and that United Joint Venture is a creditor to both individuals and may, therefore, seek discovery related to their assets. [*Id.*]

**II. Analysis**

*II.A  Bret and Rebecca Lewis*

A Court may issue a protective order forbidding or otherwise limiting discovery pursuant to Rule 26(c)(1) upon a showing of "good cause," specifically including, but not limited to, a showing of "annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Discovery of a judgment debtor's assets is permissible under the Federal Rules of Civil Procedure. Under Rule 69(a)(2), a "judgment creditor . . . whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 317 (8th Cir. 1993) ("The remedies of a judgment creditor include the ability to question the judgment debtor about the nature and location of assets that might satisfy the judgment."); *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) ("the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or

-3-

Case No. 4:10-MC-00061
Gwin, J.

concealed assets of the judgment debtor."). However, like the other discovery rules, Rule 69(a)(2) is not a blank check – "the inquiry 'must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor to third persons.'" *Matthias Jans & Assocs. v. Dropic*, 2001 WL 1661473, at *2 (W.D. Mich., Apr. 9, 2001) (quoting *Caisson*, 62 F.R.D. at 334.).

Plaintiffs Bret and Rebecca Lewis say that they are entitled to a protective order protecting them from discovery because *they* are creditors of Defendant United Joint Venture and that the Defendant's discovery request is intended to harass and annoy Plaintiffs during the pendency of the Defendant's appeal. [Doc. 57-1.] The Defendant says that it is entitled to request discovery from the Lewises since it is a creditor to some of the Plaintiffs pursuant to the underlying Michigan judgment. [Doc. 58.]

The Court finds that Plaintiffs Bret and Rebecca Lewis are entitled to a limited protective order. The language of Rule 69(a)(2) plainly limits discovery to requests made by a judgment creditor; thus, here, United Joint Venture may only use that Rule to justify discovery related to the collection of sums outstanding from J. Bruce Jennings and Howard D. Ross. Fed.R.Civ.P. 69(a)(2). Under any calculation, no sums are owed to the Defendant by either Bret or Rebecca Lewis. Thus, any requests for discovery made against the Lewises that do not seek information regarding the assets of Jennings or Ross are not permissible under the Federal Rules. The Defendant may not burden the Lewises with discovery requests unless a showing is made that the discovery is permissible under Rule 69(a)(2) – for example, if the Lewises possess special knowledge regarding the assets of Jennings or Ross or that Jennings or Ross has fraudulently conveyed property to the Lewises. *See Matthias Jans & Assocs. v. Dropic*, 2001 WL 1661473 (quashing subpoena served on third party

Case No. 4:10-MC-00061
Gwin, J.

where no showing was made that assets were fraudulently conveyed to the third party); *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977) (stating that "disclosure concerning the assets of a non-party is generally not contemplated by Rule 69(a)," but noting discovery may be allowed against a non-party "where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them."); *Credit Lyonnais, S.A. v. SGC Intl. Inc.*, 160 F.3d 428, 430-31 (8th Cir. 1998); *Falicia v. Advanced Tenant Servs.*, 235 F.R.D. 5, 6-8 (D.D.C. 2006) (allowing discovery against third-parties where there was evidence of fraudulent conveyance). As no such showing has been made, the Court **GRANTS** the Plaintiffs' motion. The Defendant must seek leave with the Court, setting forth valid grounds for discovery, before serving any additional discovery requests upon Bret or Rebecca Lewis.

*II.B  J. Bruce Jennings and Howard D. Ross*

The Plaintiffs also request that the Court grant a protective order under Federal Rule of Civil Procedure 26(c)(1), preventing the Defendant from deposing or otherwise seeking discovery from J. Bruce Jennings and Howard D. Ross. [Doc. 57-1.] The Plaintiffs say that the Court lacks personal jurisdiction over both individuals since neither is a party to this action, and that therefore, the Court lacks the authority to order them to be deposed or to produce documents. [*Id.*] The Defendant argues that its depositions duces tecum are permissible, saying that the Court has personal jurisdiction through consent since both Ross and Jennings are a party to this action through the filing of the Michigan judgment. [Doc. 58.]

The central issue in deciding whether this Court has personal jurisdiction over Jennings and Ross is a determination of whether the registration of the underlying Michigan judgment in this

Court by Bret and Rebecca Lewis created consent-based personal jurisdiction over Jennings and Ross, since they are co-plaintiffs in the underlying action. The registered judgment lists Jennings and Ross as Plaintiffs, but neither has participated in this garnishment action in any way. The parties do not cite to and the Court is not aware of any case law directly resolving this particular issue.

"[U]nlike subject-matter jurisdiction, which is both an Article III and a statutory requirement, the requirement of personal jurisdiction flows from the Due Process Clause and protects an individual liberty interest." [Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 905 (6th Cir. 2006)](). However, "[c]ourts have consistently held that a court always has personal jurisdiction over a named plaintiff because that party, by choosing the forum, has consented to the personal jurisdiction of that court." [Moore v. Rohm & Haas Co., 446 F.3d 643, 645-46 (6th Cir. 2006)](). This type of personal jurisdiction is founded upon the party making a voluntary appearance before the court. [Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 700 (6th Cir.1978)]() ("In *Pennoyer v. Neff*, the Supreme Court specifically recognized that personal jurisdiction could be founded upon voluntary appearance.") (citation omitted). *See also* [Insurance Corp. of Ireland, Ltd v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982)]().

In the current suit, it seems inconsistent with the notions of due process underlying the requirements of personal jurisdiction to find that the Lewises registering of the Michigan judgment also resulted in Jennings and Ross consenting to jurisdiction in this Court. Jennings and Ross have not participated in this action in any way and the Court finds that the Lewises filing of the judgment does not constitute an appearance by Jennings and Ross in this action. An "appearance" in an action involves some formal submission to the court or some other action that indicates an intent to submit oneself to the jurisdiction of the court, such as by litigating the merits of an issue without

Case No. 4:10-MC-00061
Gwin, J.

jurisdictional objection. *New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005); *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.2d 922, 928 (9th Cir. 2004); *Key Bank of Main v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996); *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991); Grable v. Killits, 282 F. 185, 195 (6th Cir. 1922) ("The question of general appearance is one of intent, actual or implied . . ."). Here, the conduct of Jennings and Ross cannot fairly be said to constitute an appearance upon which consent-based jurisdiction may be based.[1] Jennings and Ross have not chosen to this forum and, if personal jurisdiction were to be asserted over them, both would likely be involuntary litigants.[2] The Lewises are not acting as agents of Jennings and Ross, and, as is evidenced by the Michigan judgment, the Plaintiffs to that action and Defendant United Joint Venture each have an

---

[1] The Defendant repeatedly notes that the docket for this case lists Jennings and Ross as Plaintiffs as though it is dispositive of the inquiry. Whether the clerk of court listed both parties on the docket is irrelevant, as neither actually made an appearance in this action.

[2] Out-of-district judgments are registered under 28 U.S.C. § 1963. The statute provides that "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963; *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 356 (6th Cir. 2002).
   In *Stanford v. Utley*, the seminal case interpreting § 1963, then Judge Blackmun reasoned that registration under § 1963 was the equivalent of a new judgment, rather than merely a procedural device. 341 F.2d 265, 268 (8th Cir. 1965). This reasoning of *Stanford* has subsequently been accepted by other courts, including the Sixth Circuit, and a registered judgment is considered to be "the equivalent of a new judgment." *Condaire*, 286 F.3d at 35; *U. S. for Use and Benefit of Hi-Way Elec. Co. v. Home Indem. Co.*, 549 F.2d 10, 13 (7th Cir. 1977). However, the exact extent to which the registered judgment should be treated as a judgment of the registration court remains somewhat unresolved. *See, e.g.*, *Stanford*, 341 F.2d at 271 (noting issues that are unresolved by the decision); *Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000) (analyzing the extent to which a judgment registered under § 1963 may be modified or annulled by the court in which it is registered under Civil Procedure Rule 60(b)).
   This cursory review of § 1963 and the case law construing that Section suggests that the Defendant's contention that registration of the underlying Michigan judgment by some of the Plaintiffs in this Court creates consent-based personal jurisdiction over the other Plaintiffs to the Michigan action as well has some merit. Indeed, if the judgment registered in this Court – which lists Bret Lewis, Rebecca Lewis, J. Bruce Jennings and Howard D. Ross as parties – were to be literally treated as a judgment issued by this Court, then Jennings and Ross would be parties to this suit and would seemingly be amendable to personal jurisdiction in this Court as well. [Doc. 1.] However, this analysis is not dispositive of the current inquiry, since personal jurisdiction is a constitutional doctrine. Thus, as the Court finds that it does not have constitutionally permissible personal jurisdiction over Jennings or Ross, the result that § 1963 seems to suggest is not relevant.

Case No. 4:10-MC-00061
Gwin, J.

individual right to enforce that judgment. Thus, the Court finds that it does not have personal jurisdiction over either Jennings or Ross and thereby lacks the authority to order either to be deposed or to produce documents.[3]

Accordingly, the Court finds that it does not have personal jurisdiction over either J. Bruce Jennings or Howard D. Ross. Nonetheless, the Plaintiffs have failed to make a showing that the Defendant's discovery request was improper or otherwise justifies a protective order under Rule 26(c)(1). The Court **GRANTS** the Plaintiffs' motion to the extent that it seeks to quash the Defendant's depositions duces tecum currently at issue, as well as any other pending discovery requests. Should the Defendant make a showing that this Court has personal jurisdiction over either Jennings or Ross, the Defendant is free to serve future discovery requests on either individual.

IT IS SO ORDERED.


Dated: December 16, 2010      s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[3] The Court also finds that the Lewises have standing to seek a protective order on behalf of Jennings and Ross. Rule 26(c) allows either "a party or the person from whom discovery is sought" to seek a protective order. It is generally accepted that a party to a suit may file motion under the Rule on behalf of a non-party. *Fleet Business Credit Corp. v. Hill City Oil Co., Inc.*, 2002 WL 1483879, at *1-2 (W.D.Tenn., June 26, 2002); *U.S. v. Operation Rescue*, 112 F.Supp.2d 696, 705 (S.D.Ohio 1999).